UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE | : BANKRUPTCY NO. 06-10835 |
| | : CHAPTER 7 |
| PAUL WILLIAM HEBERLE and, | : |
| CHRISTINE LEE HEBERLE, DEBTORS | : |
| | : |
| MANROSS FAMILY LIMITED | : DOCUMENT NO. 69 |
| PARTNERSHIP, Movant | : |
| vs. | : |
| PAUL WILLIAM HEBERLE and | : |
| CHRISTINE LEE HEBERLE and | : |
| RICHARD W. ROEDER, ESQ., | : |
| TRUSTEE, Respondents | |

MEMORANDUM

Paul William Heberle and Christine Lee Heberle ("Debtors" or "Buyers") filed a voluntary Petition under Chapter 7 of the Bankruptcy Code on July 20, 2006. On November 18, 2002, some years prior to the bankruptcy filing, Debtors, as Buyers and Robert K. Hancock ("Hancock"), as Seller executed an agreement for the installment sale of real estate (the "Agreement") for the property known as 18244 Irish Road, Cussewago Township, Crawford County, Pennsylvania (the "Property"). The Property serves as the Debtors' residence.

The Agreement provides for a purchase price of $172,500, payable as follows:

> $22,500.00 Earnest Money Deposit upon the execution of this Agreement . . ..
>
> $150,000.00 with interest at the rate of nine and one-half percent (9.5%) per annum (30 year amortization) is due and payable in equal monthly payments of $1,261.29 commencing one (1) month from the date hereof and continuing monthly on the same day of each and every month thereafter, until the unpaid principal and accumulated interest is paid in full, except that the final payment of principal and interest is due and payable by November 18, 2005.

In the event of a default by the Buyers, Seller shall have the right:

> To retain the Earnest Money Deposit and all monies paid pursuant to the terms of the Agreement as liquidated damages. The Buyers agree if the Buyers should so forfeit all payments, that their interest in the property shall cease and terminate and the same shall revert to and be absolutely vested in the Sellers, without any proceedings to be taken at law or otherwise by Sellers, free and from any claim whatsoever by Buyers . . ..

Before the Court is a Motion for Relief From Automatic Stay ("Motion") filed by Manross Family Limited Partnership ("Manross"). Manross is the successor to Hancock's interest in the Agreement. Manross asserts that the Debtors are in default pursuant to the terms of this Agreement; that because of the default, Debtors have forfeited any interest that they have in the Property; and that Debtors have no equity in the Property. Manross further asserts that pursuant to the liquidated damages provision of the Agreement, it is entitled to retain all monies that the Debtors have paid. In the Motion, Manross "requests relief, including annulment, from the Automatic Stay . . . in so far as it prevents [Manross] from foreclosing upon or ejecting [Debtors] from the [Property] in the State Court." Manross has subsequently stated that "it is not the intention of [Manross] to dispossess the Debtors. [Manross] requests this action to enable it to refinance the property and to negotiate new lease terms with the Debtors."

Debtors consent to the Motion.

Richard W. Roeder, Esq., serves as Chapter 7 Trustee (the "Trustee"). The Trustee filed a Response to the Motion which indicates that the Trustee had contacted Debtors' counsel for more information and a realtor to ascertain the value of the Property and that he was awaiting, but had not received responses.

2

Manross states that "[a] default by the [Buyers] permits the repossession of the Property by the [Seller] either through an amicable action or an action in ejectment." Here, the Seller never cleared the title prior to the bankruptcy filing by an amicable action and/or judgment in ejectment. Buyer continues to hold an interest in the Property and that interest passes to the bankruptcy estate, subject to the exemption rights of the Debtors. If the value of the Property exceeds the balance of liens against the Property, including the balance owed to Manross and the amount of Debtors' available exemption, the Trustee may sell the Property for the benefit of creditors. The Trustee has yet to determine the value of the Property.

If there is not sufficient value for the Trustee to proceed with a sale and Manross is permitted to proceed with its actions to clear the title, the issue is whether Debtors, and therefore the Trustee, have a claim against Manross for the recovery of any of the amounts the Debtors, as Buyers, have paid pursuant to the Agreement.

Manross asserts that it is entitled to keep the down payment of $22,500 or 13.04% of the purchase price, plus all other payments made by the Debtors as liquidated damage. Manross acknowledges that in addition to the down payment, Debtors have paid approximately $2,500 toward the principal by making subsequent payments. The down payment and the subsequent payments toward principal acknowledged by Manross total nearly 15% of the purchase price. The Trustee does not have a complete accounting of all payments made by the Debtors.

> In the event that a Buyer breaches the Agreement of Sale, the usual Seller's remedy is retention of the Buyer's deposit monies as liquated damages. *Tudesco v. Wilson*, 163 Pa. Super. 352, 60 A.2d 388 (1948). However, in Pennsylvania a Seller may generally not retain as liquidated damages any

3

sum in excess of 10% of the contract price. *See Kraft v. Michael*, 166 Pa. Super. 57, 70 A.2d 424 (1950), *Ellis v. Roberts*, 98 Pa. Super. 49 (1929) (retention of 15% of the contract price was excessive and amounted to an attempt to compel specific performance from the Buyer, and was therefore a penalty and unenforceable as such).

Beswick v. Daniel W. Keuler Realtors, Inc., 407 Pa. Super. 528, 536 fn.1 595 A.2d 1272, 1276 fn.1 (Pa. Super. 1991).

In the case of Lancellotti v. Thomas, 341 Pa. Super. 1, 491 A.2d 117 (Pa. Super. 1985), the Superior Court of Pennsylvania adopted section 374 of the Restatement (Second) of Contracts which permits limited restitution in favor of a party in breach. The United States District Court for the Western District of Pennsylvania has predicted that the Supreme Court of Pennsylvania will adopt Section 374.

> RMF relies upon *Lancellotti v. Thomas*, 341 Pa. Super. 1, 491 A.2d 117 (1985) for the proposition that under Pennsylvania law "a party who commits a breach of contract (i.e., allegedly RMF] should be entitled to recover any benefit conferred in excess of the loss caused by its breach." RMF's Brief at 26. In *Lancellotti*, the Superior Court of Pennsylvania adopted section 374 of the Restatement (Second) of Contracts. Section 374 provides, in relevant part, that "if a party justifiably refuses to perform on the ground that his remaining duties of performance have been discharged by the other party's breach, the party in breach is entitled to restitution for any benefit that he has conferred by way of part performance or reliance in excess of the loss that he has caused by his own breach." Restatement (Second) of Contracts § 374(1). In other words, "[t]he party who committed a breach should be entitled to recover 'any benefit . . . in excess of the loss that he has caused by his own breach.' " *Lancellotti*, 491 A.2d at 122 (*quoting* Restatement (Second) of Contracts § 374(1)). Although the Supreme Court of Pennsylvania has not yet adopted section 374, the Superior Court has followed *Lancellotti* and applied the basic principle of section 374 on at least two occasions. *See Sevast v. Kakouras*, 841 A.2d 1062, 1067 (2003) (explaining that section 374 "affords a breaching party restitution to the

4

extent that he can establish that the value of his part-performance exceeds the loss suffered by the non-breaching party."); *Nikole, Inc. v. Klinger*, 412 Pa. Super. 289, 603 A.2d 587 (1992) (stating that "if both contracting parties materially breach the contract, recovery, by either party, is limited to that benefit which is in excess of the loss said party has caused by his own breach.") (*quoting In re Spagnol Enterprises, Inc.*, 81 B.R. 337, 353 (W.D. Pa. 1987) and *citing Lancellotti, supra*).

In light of the foregoing Pennsylvania Superior Court authorities, the Court predicts that the Supreme Court of Pennsylvania would adopt section 374 of the Restatement (Second) of Contracts. The Court also predicts that the Supreme Court of Pennsylvania would hold that RMF may have a claim for unjust enrichment, or "restitution," [FN17] if the evidence at trial demonstrates that RMF has breached its contract, but nevertheless has conferred a benefit upon Alstom in excess of the loss caused by its own breach. Therefore, the Court will decline to grant summary judgment in favor of Alstom on Count V of the Counterclaim.

Alston Power, Inc. v. RMF Industrial Contracting, Inc., 418 F. Supp. 2d, 766, 779-80 (W.D. Pa. 2006).

The Supreme Court of Pennsylvania recently acknowledged, but declined to address the issue of whether Section 374 should be adopted. Sevast v. Kakouras, 915 A.2d 1147 (Pa. 2007).

In conclusion, the issues of whether the Trustee should pursue a sale of the Property and whether the down payment and additional monies paid by the Buyers constitutes a penalty rather than liquidated damages cannot be properly determined where there are undetermined issues of fact, such as the present value of the Property and a complete accounting of Debtors' payments, that are relevant to the determinations in this case.

An appropriate Order will be entered.

Dated: April 24th, 2007

*Warren W. Bentz*
Warren W. Bentz
United States Bankruptcy Judge

c:  Richard W. Roeder, Esq.
    John C. Swick, Esq.
    Michael A. Agresti, Esq.

**FILED**

APR 2 4 2007

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA
ERIE OFFICE

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE | : BANKRUPTCY NO. 06-10835 |
| | : CHAPTER 7 |
| PAUL WILLIAM HEBERLE and, | : |
| CHRISTINE LEE HEBERLE, DEBTORS | : |
| | : |
| MANROSS FAMILY LIMITED | : DOCUMENT NO. 69 |
| PARTNERSHIP, Movant | : |
| vs. | : |
| PAUL WILLIAM HEBERLE and | : |
| CHRISTINE LEE HEBERLE and | : |
| RICHARD W. ROEDER, ESQ., | : |
| TRUSTEE, Respondents | |

### ORDER

This 24th day of April, 2007, in accordance with the accompanying Memorandum, it shall be, and hereby is ORDERED as follows:

1. Discovery is open.

2. A status conference is fixed for June 4, 2007 at 10:10 a.m., in the U.S. Courthouse, Bankruptcy Courtroom, 17 South Park Row, Erie, PA. Only 10 minutes have been reserved on the Court's calendar. All parties may participate by telephone pursuant to instructions on the Court's website.

If issues of fact remain, an evidentiary hearing will be scheduled at a later date.

Warren W. Bentz
United States Bankruptcy Judge

**FILED**
APR 2 4 2007
CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA
ERIE OFFICE